LAURA L. FARLEY, ESQ.
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, Alaska  99501
(907)  274-5100  Fax (907) 274-5111

Attorneys for Defendants CIRI Alaska Tourism
Corporation, Cook Inlet Region, Inc., Alaska
Heritage Tours and Kenai Fjords Tours

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| SANDRA COOK and BURTON COOK, her husband,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CIRI ALASKA TOURISM CORPORATION; COOK INLET REGION, INC., Alaska Corporations, ALASKA HERITAGE TOURS, and KENAI FJORDS TOURS,<br><br>　　　　　　　Defendants. | Case No. 3:06-cv-00143 TMB |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR STAY OF PROCEEDINGS**

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

Plaintiffs Sandra and Burton Cook have filed two separate lawsuits against Defendants CIRI Alaska Tourism Corporation ("CATC") and Cook Inlet Region Incorporated ("CIRI")[1] arising out of the same nucleus of facts and involving the same legal issues: this action and one in Florida. In both lawsuits, Plaintiffs seek to recover from Defendants CATC and CIRI direct and derivative damages that resulted from an injury allegedly sustained by Plaintiff Sandra Cook while aboard the vessel FJORDLAND during a sightseeing day cruise in Resurrection Bay. In the Florida lawsuit, Plaintiffs also seek to recover damages against Royal Caribbean Cruises, Limited ("Royal Caribbean") alleging it is vicariously liable for Defendants CATC and CIRI.

On December 8, 2006, Defendants CATC and CIRI moved to dismiss Plaintiffs' claims against them in the Florida proceeding based on lack of personal jurisdiction and *forum non conveniens.* Because Defendants CATC, CIRI and Royal Caribbean all agree that no agency relationship existed between them, Royal Caribbean will soon be moving for summary judgment on Plaintiffs' vicarious liability claims. Defendants CATC and CIRI will not oppose this motion.

In light of the parallel Florida proceedings, Defendants CATC and CIRI move to stay proceedings in this court pending the Florida state court's rulings on their motion to dismiss and whether Royal Caribbean is vicariously liable for the acts or omissions of Defendants CATC and CIRI. A stay in this case is necessary to prevent harassing litigation tactics and

---

[1] Plaintiffs also named Alaska Heritage Tours ("Alaska Heritage") and Kenai Fjords Tours ("Kenai Fjords") in both lawsuits. CATC does business as both Alaska Heritage and Kenai Fjords in the operation of its Resurrection Bay tours. See Answer at ¶ 5 and 6. They are not separate legal entities.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 2 of 9   /KH

30243 hl140202

waste of judicial resources resulting from the unnecessary maintenance of two lawsuits in two forums regarding the same facts and legal issues. A stay will also prevent the potential of an adverse ruling in this lawsuit from affecting a party who is not involved in this litigation.

## I.   BACKGROUND

This is a personal injury action. Plaintiff Sandra Cook alleges she was injured when struck by a sliding door on the passenger vessel FJORDLAND while on a sightseeing cruise in Resurrection Bay on or about June 17, 2005. *See Complaint* at ¶ 12 through 18. Her husband, Plaintiff Burton Cook, asserts a claim for loss of consortium. *Id.* at ¶ 19 through 21. Plaintiffs allegedly reside in Palm Beach County, Florida. *Id.* at ¶ 2 and 3.

Plaintiffs filed the above captioned lawsuit on June 13, 2006 in Federal District Court in Alaska. Plaintiffs then filed a separate lawsuit in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida on June 16, 2006. A copy of the Florida Complaint is attached hereto as Exhibit A. The parties to both actions are the same with one exception. Royal Caribbean is also a defendant in the Florida action only. *See* Exhibit A.

Plaintiffs seek to recover against the Defendants in this action and in the Florida lawsuit based upon the same facts and legal principles. Their claims against Royal Caribbean are based upon principals of agency. Essentially, Plaintiffs assert Royal Caribbean was the principal of CIRI, CATC Alaska, Alaska Heritage Tours, and Kenai Fjords Tours and these entities were its agents. *See* Exhibit A. Defendants CATC and CIRI dispute that contention. The tour aboard the FJORDLAND was allegedly purchased as part of an Alaskan cruise package. *Id.* at ¶ 12.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

Apparently, Plaintiffs were in Alaska preparing to embark on a Royal Caribbean cruise on the vessel VISION OF THE SEAS when the incident allegedly occurred. *See Id.* at ¶ 27.

Defendant CATC is a wholly owned subsidiary of Defendant CIRI. Answer at ¶ 11. Defendant CATC does business as Alaska Heritage Tours and Kenai Fjords Tours. *Id.* at ¶ 9 and 10. Defendant CATC was the owner of the vessel FJORDLAND at the time of the incident. *Id.* at ¶ 9 through 11. Defendant CATC was the operator of the June 17, 2005 "Resurrection Bay Cruise" tour on which Plaintiff Sandra Cook was allegedly injured. *Id.* Defendant CATC was acting as an independent contractor at all times pertinent hereto and was not acting as an agent for Royal Caribbean.

## II. DISCUSSION

The power to stay proceedings in one jurisdiction pending those in another is well within the sound discretion of the court where stay is sought. *P. Beiersdorf & Co. v. Duke Laboratories*, 92 F. Supp 287, 288 (S.D.N.Y. 1950). It has long been held that a court may stay proceedings in one forum where the same parties are litigating the same issues in another forum. *Id. See also Kirkpatrick v. Eastern Milling & Export Co.*, 135 F. 144, 146 (Cir. Court D. N.J. 1904). In *Duke Laboratories* the court held:

> The statutory privilege of access to a federal court is no longer regarded as absolute. It may be curtailed if its exercise causes inconvenience, delay and expense to the defendant. . . . The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 4 of 9

/KH

30243 hl140202

> continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties.

92 F. Supp at 288 (citations omitted). The United State's Supreme Court has held it is not required that the issues and parties be identical and that whether to grant or deny stay is within the inherent powers of the court. *See Landis v. North America Co.*, 299 U.S. 248 (1936). In *Landis* the Supreme Court stated:

> Viewing the problem as one of power, and of power only, we find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceeding in another, the parties to the two causes must be shown to be the same and the issues identical . . . the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.

299 U.S. at 254-255 (1936) (citations omitted). Courts have identified several factors in considering whether a stay should be granted, including: comity to the courts of the other jurisdiction, prevention of multiplicity of suits, prevention of unnecessary, vexatious or harassing litigation, the likelihood or unlikelihood of obtaining complete relief in the foreign pending action, and the *res judicata* effect in the suit pending at the forum of any judgment

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 5 of 9        /KH

30243 hl140202

which might be recovered in the foreign pending action.  19 A.L.R.2d 301.  On any one or more of these grounds, the grant of stay may be allowed or denied.

In this case, the issues involved with respect to the parties in the Alaska case are identical to those present in the Florida case.  The only additional issue involved in the Florida case is whether Royal Caribbean, a party not present in the Alaska case,[2] may be vicariously liable for the acts of the Defendants in this action through principles of agency and *respondeat superior*.  All of the parties present in this case are present in the Florida litigation.

Two key issues are currently pending in Florida keeping the current focus of this dispute in that forum.  The first significant issue is Defendants CATC and CIRI's motion to dismiss Plaintiffs' claims against them based on lack of personal jurisdiction and *form non conveniens*.  The second is Royal Caribbean's vicarious liability for the acts and omissions of Defendants CATC and CIRI.[3]  While these two key issues are pending, and while the focus of the litigation is in Florida, it makes no sense to allow proceedings to move forward in this Court.  Doing so will only expose Defendants to the possibility of harassing expensive duplicitous litigation and expose Royal Caribbean to the possibility of adverse and inconsistent

---

[2] It appears Plaintiffs did not file claims against Royal Caribbean in the Alaska case based on a forum selection clause contained in Plaintiffs' booking agreement with Royal Caribbean.  Absent consideration of any forum selection clause, it would appear this court would have personal jurisdiction over Royal Caribbean given its substantial activities within this state.  Nonetheless, Defendants do not believe any liability extends to Royal Caribbean as Defendants were not acting as agents for the cruise line.  It appears Plaintiffs have asserted claims against Royal Caribbean in the Florida court solely in an attempt to initiate this litigation in their home state and make it difficult and expensive for the Alaskan defendants to defend their claims.

[3] Counsel for Royal Caribbean has indicated Royal Caribbean will soon move for summary judgment on Plaintiffs vicarious liability claims against it.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

rulings. Once the Florida court rules on these two issues, the focus of the litigation will likely move to this Court and it will be appropriate to proceed with litigation here at that time.

### A.    The Issues are the Same in Both Forums

Whether filed in Florida or Alaska, the issues in this dispute are the same. At issue is whether Defendants are liable for personal and derivative injuries allegedly suffered by Plaintiffs as a result of a June 17, 2005, incident onboard the FJORDLAND in Alaska waters. The only issue involved in the Florida lawsuit not present in this suit is the alleged vicarious liability of Royal Caribbean. The basis for this allegation is that Plaintiffs purchased a vacation package through Royal Caribbean which included certain "Pre Tour Arrangements," one of which was the June 17 tour on the FJORDLAND. Plaintiffs further allege they sued in Miami-Dade County based upon a forum selection clause in the ticket agreement between Plaintiffs and Royal Caribbean. Exhibit A at ¶ 4.

Defendants CATC, CIRI and Royal Caribbean all agree no agency relationship existed among the parties sufficient to impose vicarious liability upon Royal Caribbean. In sum, this appears to be a non-issue asserted solely to proceed with litigation in Florida, the Plaintiffs' home state. The issues with respect to the parties in this case are precisely the same in the Florida case; namely whether Defendants were negligent in causing Plaintiffs' injuries. Because the issues are precisely the same, it is unnecessary, a waste of judicial resources, as well as difficult and expensive for Defendants to proceed if Plaintiffs are permitted to litigate this dispute in two different forums and in courts on extreme opposite ends of the United States.

### B. All Parties Present in the Alaska Case are Present in the Florida Case.

All parties named in this lawsuit are present in the Florida litigation. Staying the Alaska proceedings will therefore not adversely affect any party present in this litigation. Conversely, without a stay of proceedings in the Alaska litigation, Royal Caribbean, who is present in the Florida lawsuit and not here, may be adversely affected if this lawsuit is permitted to move forward. Because no parties in this litigation will be adversely affected if a stay is granted and, because a party who is not present in this lawsuit may be adversely affected, this Court should stay these proceedings pending resolution of Defendants CATC and CIRI's motion to dismiss and whether Royal Caribbean is vicariously liable for the acts of the other defendants in the Florida case.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court enter an order staying proceedings in this court pending the Florida court's final determination of Defendants' motion to dismiss filed December 8, 2006 and whether Royal Caribbean is vicariously liable for the acts and omissions of the other defendants. A proposed order is attached.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 8 of 9   /KH

30243 hl140202

DATED this 14th day of December 2006 at Anchorage, Alaska.

FARLEY & GRAVES, P. C.

By:   s/Laura L. Farley
LAURA L. FARLEY
807 G Street, Suite 250
Anchorage, AK  99501
Ph. (907) 274-5100
Fax (907) 274-5111
E-Mail:   lfarley@farleygraves.com
            karen.helton@farleygraves.com
Alaska Bar No.: 9211078
Attorneys for Defendants CIRI Alaska
Tourism Corporation, Cook Inlet Region, Inc.,
Alaska Heritage Tours and Kenai Fjords Tours

**CERTIFICATE OF SERVICE**

Pursuant to Civil Rule 5, I hereby certify that on this 14th day of December 2006 a true and correct copy of the foregoing Memorandum in Support of Defendants' Motion for Stay of Proceedings was served electronically on the following person(s):

Jack Garyth Poulson, Esq.
Poulson & Woolford, LLC
636 Harris Street
Juneau, AK  99801

AND VIA:

**X** U.S. Mail   ☐ Facsimile   ☐ Hand Delivery

to the following person(s):

Gregg R. Schwartz, Esq.
Law Offices of Gregg R. Schwartz, P.A.
One Datran Center, Suite 1121
9100 S. Dadeland Blvd.
Miami, FL  33156

By:  s/Laura L. Farley