IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.    0 6 - 1 1 7 0 6 CA 2 2

Florida Bar No.: 386110

SANDRA COOK and BURTON COOK, as
husband and wife,

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LIMITED, a
foreign corporation, CIRI ALASKA TOURISM
CORPORATION, an Alaska corporation, ALASKA
HERITAGE TOURS, KENAI FJORDS TOURS and
COOK INLET REGION, INC., an Alaska
corporation,

Defendants.

_____/

THE ORIGINAL FILED
IN THE OFFICE OF THE CLERK

CIRCUIT & COUNTY COURTS
DADE COUNTY, FLORIDA    JUN 1 6 2006

ON _____

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, SANDRA COOK and BURTON COOK, as husband and wife, and through
undersigned counsel, sue Defendants, ROYAL CARIBBEAN CRUISES, LIMITED, a foreign
Corporation, CIRI ALASKA TOURISM CORPORATION, an Alaska Corporation, ALASKA
HERITAGE TOURS, KENAI FJORDS TOURS and COOK INLET REGION, INC. and allege:

1.    This is an action for damages that exceeds this Court's minimum jurisdictional
requirements, to wit, $15,000 exclusive interest, costs, and attorney's fees.

2.    At all times material hereto, Plaintiff, Sandra Cook (herein after "Plaintiff"), was and

A
1    35

is a resident of Palm Beach County, Florida.

     3.    At all times material, Plaintiff, Burton Cook (herein after "Consortium Plaintiff"), was and is a resident of Palm Beach County, Florida. Burton Cook is the husband of Sandra Cook and was so on June 17, 2005.

     4.    Defendant Royal Caribbean Cruises, Limited, is a foreign corporation, which actively conducts business in Miami-Dade County, Florida and the state of Florida. Moreover, in accordance with the ticket agreement entered into between Plaintiffs Sandra Cook and Defendant, Royal Caribbean Cruises, Limited, provided a forum section clause requiring that suit be filed in Miami, Florida. Accordingly, venue is proper before this court.

     5.    Defendant CIRI ALASKA TOURISM CORPORATION, an Alaska corporation, is a foreign corporation, which actively conducts business in Miami-Dade County, Florida and the state of Florida. Moreover, in accordance with the ticket agreement entered into between Plaintiffs Sandra Cook and Defendant, Royal Caribbean Cruises, Limited, provided a forum section clause requiring that suit be filed in Miami, Florida. Accordingly, venue is proper before this court.

     6.    Defendant ALASKA HERITAGE TOURS, is a foreign organization, which actively conducts business in Miami-Dade County, Florida and the state of Florida. Moreover, in accordance with the ticket agreement entered into between Plaintiffs Sandra Cook and Defendant, Royal Caribbean Cruises, Limited, provided a forum section clause requiring that suit be filed in Miami, Florida. Accordingly, venue is proper before this court.

     7.    Defendant KENAI FJORDS TOURS, is a foreign organization, which actively conducts business in Miami-Dade County, Florida and the State of Florida. Moreover, in accordance

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
2   35

with the ticket agreement entered into between Plaintiffs Sandra Cook and Defendant, Royal Caribbean Cruises, Limited, provided a forum section clause requiring that suit be filed in Miami, Florida. Accordingly, venue is proper before this court.

8.    Defendant COOK INLET REGION, INC., is a foreign (Alaska) corporation, which actively conducts business in Miami-Dade County, Florida and the state of Florida. Moreover, in accordance with the ticket agreement entered into between Plaintiffs Sandra Cook and Defendant, Royal Caribbean Cruises, Limited, provided a forum section clause requiring that suit be filed in Miami, Florida. Accordingly, venue is proper before this court

9.    The Defendant, Royal Caribbean Cruises, Limited is for purposes of this litigation the "carrier" identified in the Contract of Passage, also referred to as the Cruise/Cruise Tour Ticket Contract, and at all times material hereto the Defendant, Royal Caribbean Cruises, Limited owned and operated the subject cruise ship known as Vision Of The Seas. The owners and/or operators of the vessel Fjordland are for purposes of this litigation the "carrier" identified in the Contract of Passage, also referred to as the Cruise/Cruise Tour Ticket Contract.

10.    The Defendant, Royal Caribbean Cruises, Limited, at all times material hereto, personally or through an agent, in the county in which this Complaint if filed and/or the state of Florida:

a.    Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

b.    Had an office or agency in this state and/or county; and/or

c.    Engaged in substantial activity within this state.

A
3    35

11. At such time and place, Plaintiff, Sandra Cook, was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant Royal Caribbean Cruises, Limited to be physically present aboard such vessel.

12. At all times material Royal Caribbean Cruises Limited sold Sandra Cook and Burton Cook a vacation trip from June 13, 2005 through June 24, 2005, including various "Pre Tour Arrangements" from June 13, 2005 through June 17, 2005 and the cruise on the Vision Of The Seas from June 17, 2005 through June 24, 2005. The entire ticket/trip was purchased directly through Royal Caribbean Cruises, Limited. The only contract/ticket for the June 13, 2005 through June 24, 2005 vacation was a Royal Caribbean Cruises, Limited ticket.

13. Upon information and belief, the June 17, 2005 Resurrection Bay Cruise on the Kenai Fjords vessel Fjordland was a Royal Caribbean Cruises, Limited cruise and acted as an agent for Royal Caribbean Cruises, Limited, the principal.

14. At all times material, Defendant Royal Caribbean Cruises, Limited was the principal of CIRI Alaska Tourism Corporation, the owner of the vessel Fjordland, on which Sandra Cook was seriously injured.

15. At all times material, Defendant Royal Caribbean Cruises, Limited was the principal of Alaska Heritage Tours, the owner and/or operator of the vessel Fjordland, on which Sandra Cook was seriously injured.

16. At all times material, Defendant Royal Caribbean Cruises, Limited was the principal of Kenai Fjords Tours, the owner and/or operator of the vessel Fjordland, on which Sandra Cook was seriously injured.

A
4  35

17. At all times material, Defendant Royal Caribbean Cruises, Limited was the principal of Cook Inlet Region, Inc., the owner of the vessel Fjordland, on which Sandra Cook was seriously injured.

18. At all times material Defendant CIRI Alaska Tourism Corporation was the actual and/or apparent agent of Defendant Royal Caribbean Cruises, Limited, the principal.

19. At all times material Defendant Alaska Heritage Tours was the actual and/or apparent agent of Defendant Royal Caribbean Cruises, Limited, the principal.

20. At all times material Defendant Kenai Fjords Tours was the actual and/or apparent agent of Defendant Royal Caribbean Cruises, Limited, the principal.

21. At all times material Defendant Cook Inlet Region, Inc. was the actual and/or apparent agent of Defendant Royal Caribbean Cruises, Limited, the principal.

22. At all times Defendant Royal Caribbean was responsible for the actions of CIRI Alaska Tourism Corporation and/or other agents or employees of CIRI's vessel Fjordland, including safety of paying passengers.

23. At all times Defendant Royal Caribbean was responsible for the actions of Alaska Heritage Tours and/or other agents or employees of Alaska Heritage Tours' vessel Fjordland, including safety of paying passengers.

24. At all times Defendant Royal Caribbean was responsible for the actions of Kenai Fjords Tours and/or other agents or employees of Kenai Fjords Tours' vessel Fjordland, including safety of paying passengers.

25. At all times Defendant Royal Caribbean was responsible for the actions of Cook Inlet

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
5 35

Region, Inc. and/or other agents or employees of Cook Inlet Region, Inc.'s vessel Fjordland, including safety of paying passengers.

26.   At all times material, Defendant Royal Caribbean represented to passengers aboard the Fjordland, including Sandra Cook, that CIRI Alaska Tourism Corporation, Alaska Heritage Tours, Kenai Fjords Tours and/or Cook Inlet Region, Inc. were the actual agents or apparent agents of Royal Caribbean in one or more of the following ways:

a.   Royal Caribbean sold Sandra Cook and Burton Cook a package tour including the Pre Tour Arrangements and the cruise aboard the Vision Of The Seas. Royal Caribbean never disclosed that any other entity would be involved in Pre-Tour, including the Resurrection Cruise on the vessel Fjordland.

b.   Royal Caribbean accepted payment from Plaintiffs for the Pre Tour Arrangements including the June 17, 2005 Voyage on the Resurrection Bay Cruise on the vessel Fjordland.

c.   Royal Caribbean paid CIRI Alaska Tourism Corporation, Alaska Heritage Tours, Kenai Fjords Tours and/or Cook Inlet Region, Inc. an Alaska Corporation a portion of its payment from Sandra Cook and Burton Cook.

d.   CIRI was under the general direction and supervision of Royal Caribbean.

e.   Alaska Heritage Tours was under the general direction and supervision of Royal Caribbean.

f.   Kenai Fjords Tours was under the general direction and supervision of Royal

-6-
LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
6  35

Caribbean.

g.    Cook Inlet Region, Inc. was under the general direction and supervision of Royal Caribbean.

h.    Royal Caribbean selected CIRI, Alaska Heritage Tours, Kenai Fjords Tours and/or Cook Inlet Region, Inc. as the owner or operator of the subject Pre Tour Resurrection Bay Cruise.

i.    Royal Caribbean placed a guide leader named Kathy Watsjold on the vessel Fjordland.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

27.    This is an action for personal injuries that occurred on a vessel provided by Defendant Royal Caribbean Cruises, Ltd.'s promotion and sale for a Pre Tour Cruise for passengers, and invitees aboard the subject vessel Fjordland which is a vessel owned, operated, and/or managed by Defendant Royal Caribbean Cruises, Limited.

28.    At all times material hereto, Plaintiff was a passenger on the subject vessel, and accordingly was an invitee while on those premises and/or while aboard the Pre Tour Arrangements, including the Resurrection Bay Cruise on the Fjordland promoted by and provided to passengers by Defendant Royal Caribbean Cruises, Limited.

29.    All conditions precedent for bringing this action have been waived, have been fulfilled, or do not apply.

30.    The Defendant Royal Caribbean advertised and promoted to all its passengers, including Plaintiffs the Pre Tour Arrangements, including the Resurrection Bay Cruise on the

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
7   35

Fjordland on which the Plaintiff was severely injured. The Defendant Royal Caribbean arranged for the Resurrection Bay Cruise where its passengers would participate in a wild life viewing on a Resurrection Bay Cruise on the vessel Fjordland.

31.     Defendant Royal Caribbean either provided and arranged for the Resurrection Bay Cruise on the Fjordland or arranged with Co-Defendants CIRI Alaska Tourism Corporation, Alaska Heritage Tours, Kenai Fjords Tours and/or Cook Inlet Region, Inc. to take its passengers on the vessel Fjordland. The Defendant sold the Pre Tour Arrangements including the Resurrection Bay Cruise directly to Sandra Cook and Burton Cook.

32.     Defendant Royal Caribbean placed a guide leader named Kathy Watsjold on the vessel Fjordland.

33.     Defendant Royal Caribbean received a portion of the proceeds of the Resurrection Bay Cruise on the vessel Fjordland.

34.     Defendant Royal Caribbean organized the passengers who were going to take the Resurrection Bay Cruise and directed those passengers where to meet the Fjordland which took them on the subject cruise.

35.     Defendant Royal Caribbean chose what companies would act as the operators of the Resurrection Bay Cruise. Defendant Royal Caribbean then coordinated and contracted with the owners and/or operators of the Resurrection Bay Cruise to arrange for passengers to view the wildlife on the subject cruise.

36.     Defendant Royal Caribbean formed a joint venture with the owners and/or operators of the Resurrection Bay Cruise on the vessel Fjordland which took Royal Caribbean

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
8    35

passengers on the wildlife sightseeing cruise. The joint venture was formed for the purpose of taking passengers on the subject Resurrection Bay Cruise on the vessel Fjordland.

37. The Defendant Royal Caribbean was the apparent and/or actual principal of the owners and/or operators of the subject Resurrection Bay Cruise who were the apparent agents or actual agents of the Defendant Royal Caribbean. The Defendant Royal Caribbean allowed the vessel Fjordland, which took passengers on the Resurrection Bay Cruise to appear as if the vessel or its owners and/or operators were agents of Defendant Royal Caribbean without disclosure otherwise to its passengers.

## COUNT I – DIRECT NEGLIGENCE AGAINST ROYAL CARIBBEAN

38. The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in paragraphs 1-37, above.

39. As of the date of the subject accident (June 17, 2005), Defendant Royal Caribbean managed and was responsible for (a) providing safe Pre Tour Arrangements like the Resurrection Bay Cruise to their passengers, (b) reasonably safe Pre Tour vessels; (c) maintaining reasonably safe vessels like Fjordland on which the subject accident occurred; and (e) providing reasonable medical care and treatment of passengers who paid for the entire cruise package. As such, Defendant Royal Caribbean owed a duty to the Plaintiff and others to provide a reasonably safe vessel and to maintain the subject vessel in reasonably safe condition.

40. **STATUS OF THE PLAINTIFF AS OF THE DATE AND TIME OF THE ACCIDENT**. At all times material hereto, the Plaintiff was a passenger on the subject vessel Fjordland described in this Complaint, and accordingly was an invitee while on the vessel. Attached

A
9 35

hereto as Exhibit "A" is a copy of the Passenger Contract Ticket for the subject cruise.

41. This is an action for personal injuries that arose on a vessel provided by or selected by Defendant Royal Caribbean for a Resurrection Bay Cruise for passengers, and invitees, aboard the Vision Of The Seas, which is a vessel owned, operated and/or managed by Defendant Royal Caribbean.

42. At all times material, the Plaintiff was a passenger on the cruise ship Vision Of The Seas, and accordingly was an invitee while on those premises and/or while aboard Pre Tour Arrangements like the Resurrection Bay Cruise promoted and provided to passengers by Defendant Royal Caribbean. There was no separate ticket for the Resurrection Bay Cruise. The Resurrection Bay Cruise of June 17, 2005 is specifically mentioned as part of the Royal Caribbean cruise package in Exhibit "A".

43. **DATE OF ACCIDENT**: The accident in this case occurred on June 17, 2005.

44. **LOCATION OF THE ACCIDENT**: The accident occurred during Plaintiff's voyage on the vessel Fjordland as part of the Royal Caribbean Vision Of The Seas Cruise package per Exhibit "A". Plaintiff purchased the Resurrection Bay Cruise directly from Royal Caribbean at the same time she purchased Exhibit "A", the cruise on the Vision Of The Seas. The name of the vessel which provided the Resurrection Bay Cruise was the Fjordland.

45. On June 17, 2005, the subject sliding door was unreasonably dangerous and was not inspected or maintained by the Defendants. Yet, Defendants invited paying passengers on the Fjordland despite the unreasonably safe condition of the subject sliding door.

46. Defendants created a dangerous condition on the subject vessel and allowed the

A
10 35

dangerous condition to exist thereby causing an accident on June 17, 2005 resulting in serious injuries to Plaintiff.

47.     The Defendants either a) created the dangerous condition through its agents or employees; b) had actual knowledge of the dangerous condition; and/or c) had constructive knowledge of the dangerous condition.

48.     The Defendants had constructive knowledge of the dangerous condition by, inter alia, a) the length of time the dangerous condition existed; b) the nature of the dangerous condition; c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant(s) should have known about it.

49.     In the alternative, notice to the Defendant is not required because the Defendants (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

50.     Defendant had the duty to determine the dangerous condition of the subject door and to advise passengers of the dangerous condition of said door.

51.     The Defendants caused a duty to its paying passengers including the Plaintiff to provide a reasonably safe ship and to reasonably design, construct and maintain the ship for its passengers. The Defendants breached those duties and were negligent by:

a)      Failing to provide adequate warning of the dangerous condition;

b)      Failing to prevent passengers from going on the Fjordland with the dangerous

A
11   35

condition existing;

    c)      Failing to arrange Pre Tour Arrangements like the Resurrection Bay Cruise on the Fjordland on safe, appropriate vessels;

    d)      Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    e)      Allowing an ongoing, recurring continuous and/or repetitive problem to occur or to remain which would cause accidents or injuries;

    f)      Providing negligent maintenance to the area of the premises;

    g)      Utilizing or allowing negligent method of operations;

    h)      Failing to choose operators of the Resurrection Bay Cruise which were safe, trained, and monitored;

    i)      Failing to monitor the operators and owners of the subject Resurrection Bay Cruise;

    j)      Failing to properly train the operators of the Resurrection Bay Cruise; and

    k)      Failing to promulgate and enforce rules for the operators of the subject Resurrection Bay Cruise.

    52.      The negligent condition was created by the Defendant and was known to the Defendant and had existed for a sufficient length of time so that Defendant should have known of it and was a continuous or repetitive problem thus giving notice to the Defendant.

    53.      The negligent condition occurred with sufficient regularly so as to be foreseeable by the Defendant and should have been foreseeable by the Defendant.

    54.      As a result of the negligence, the Plaintiff ahs suffered bodily injuries, and possibly

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
12   35

aggravation of pre-existing conditions and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

55.     WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## COUNT II – UNDISCLOSED AGENCY

56.     The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in paragraphs 1-37, above.

57.     Defendant Royal Caribbean Cruises, Limited was acting as agents for Co-Defendants CIRI Alaska Tourism Corporation, Alaska Heritage Tours, Kenai Fjords Tours and Cook Inlet Region, Inc. in the operation of the subject Resurrection Bay Cruise but failed to disclose any agency or disclose any true independent contractor status.

58.     The Defendant Royal Caribbean Cruises, Limited owed a duty to its passengers including Plaintiff herein to provide a reasonably safe vessel and to reasonably design, construct,

A
13 - 35

and maintain the cruise for its passengers. The Defendant breached those duties and was negligent by:

a)    Failing to provide adequate warning of the dangerous condition;

b)    Failing to prevent passengers from riding on the Fjordland with the dangerous condition existing;

c)    Failing to arrange Pre Tour Arrangements like the Resurrection Bay Cruise on the Fjordland on safe, appropriate vessels;

d)    Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

e)    Allowing an ongoing, recurring continuous and/or repetitive problem to occur or to remain which would cause accidents or injuries;

f)    Providing negligent maintenance to the area of the premises;

g)    Utilizing or allowing negligent method of operations;

h)    Failing to choose operators of the Resurrection Bay Cruise which were safe, trained, and monitored;

i)    Failing to monitor the operators and owners of the subject Resurrection Bay Cruise;

j)    Failing to properly train the operators of the Resurrection Bay Cruise; and

k)    Failing to promulgate and enforce rules for the operators of the subject Resurrection Bay Cruise.

59.    The negligent condition was created by the Defendant and was known to the Defendant and had existed for a sufficient length of time so that Defendant should have known of it

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
14 35

and was a continuous or repetitive problem thus giving notice to the Defendant.

60. The negligent condition occurred with sufficient regularly so as to be foreseeable by the Defendant and should have been foreseeable by the Defendant.

61. As a result of the negligence, the Plaintiff ahs suffered bodily injuries, and possibly aggravation of pre-existing conditions and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

62. WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## COUNT III – JOINT VENTURE/PARTNERSHIP

63. The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in paragraphs 1-37, above.

64. The Defendant Royal Caribbean Cruises, Limited was engaged in a joint venture with other entities and corporations, to wit, Co-Defendants CIRI Alaska Tourism Corporation, Alaska

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
15 35

Heritage Tours, Kenai Fjords Tours and/or Cook Inlet Region, Inc. to operate the subject Resurrection Bay Cruise and/or partnership to operate the subject Resurrection Bay Cruise.

65.     The Defendant Royal Caribbean Cruises, Limited owed a duty to its passengers including Plaintiff herein to provide a reasonably safe vessel and to reasonably design, construct, and maintain the cruise for its passengers. The Defendant breached those duties and was negligent by:

a)      Failing to provide adequate warning of the dangerous condition;

b)      Failing to prevent passengers from riding on the Fjordland with the dangerous condition existing;

c)      Failing to arrange Pre Tour Arrangements like the Resurrection Bay Cruise on the Fjordland on safe, appropriate vessels;

d)      Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

e)      Allowing an ongoing, recurring continuous and/or repetitive problem to occur or to remain which would cause accidents or injuries;

f)      Providing negligent maintenance to the area of the premises;

g)      Utilizing or allowing negligent method of operations;

h)      Failing to choose operators of the Resurrection Bay Cruise which were safe, trained, and monitored;

i)      Failing to monitor the operators and owners of the subject Resurrection Bay Cruise;

j)      Failing to properly train the operators of the Resurrection Bay Cruise; and

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
16    35

k) Failing to promulgate and enforce rules for the operators of the subject Resurrection Bay Cruise.

66. The negligent condition was created by the Defendant and was known to the Defendant and had existed for a sufficient length of time so that Defendant should have known of it and was a continuous or repetitive problem thus giving notice to the Defendant.

67. The negligent condition occurred with sufficient regularly so as to be foreseeable by the Defendant and should have been foreseeable by the Defendant.

68. As a result of the negligence, the Plaintiff ahs suffered bodily injuries, and possibly aggravation of pre-existing conditions and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

69. WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## COUNT IV – AGENCY

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
17 35

70.    The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in paragraphs 1-37, above.

71.    The Defendant Royal Caribbean Cruises, Limited utilized the owners and operators of the Fjordland (Co-Defendants CIRI Alaska Tourism Corporation, Alaska Heritage Tours, Kenai Fjords Tours and/or Cook Inlet Region, Inc.) as its agents to operate the Resurrection Bay Cruise on June 17, 2005. Defendant Royal Caribbean Cruises, Limited acted as principal to Co-Defendants CIRI Alaska Tourism Corporation, Alaska Heritage Tours, Kenai Fjords Tours and/or Cook Inlet Region, Inc. as its agents.

72.    The Defendant Royal Caribbean Cruises, Limited owed a duty to its passengers including Plaintiff herein to provide a reasonably safe vessel and to reasonably design, construct, and maintain the cruise for its passengers. The Defendant breached those duties and was negligent by:

a)    Failing to provide adequate warning of the dangerous condition;

b)    Failing to prevent passengers from going on the Fjordland with the dangerous condition existing;

c)    Failing to arrange Pre Tour Arrangements like the Resurrection Bay Cruise on the Fjordland on safe, appropriate vessels;

d)    Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

e)    Allowing an ongoing, recurring continuous and/or repetitive problem to occur or to remain which would cause accidents or injuries;

A
18 - 35

f)      Providing negligent maintenance to the area of the premises;

g)      Utilizing or allowing negligent method of operations;

h)      Failing to choose operators of the Resurrection Bay Cruise which were safe, trained, and monitored;

i)      Failing to monitor the operators and owners of the subject Resurrection Bay Cruise;

j)      Failing to properly train the operators of the Resurrection Bay Cruise; and

k)      Failing to promulgate and enforce rules for the operators of the subject Resurrection Bay Cruise.

73.     The negligent condition was created by the Defendant and was known to the Defendant and had existed for a sufficient length of time so that Defendant should have known of it and was a continuous or repetitive problem thus giving notice to the Defendant.

74.     The negligent condition occurred with sufficient regularly so as to be foreseeable by the Defendant and should have been foreseeable by the Defendant.

75.     As a result of the negligence, the Plaintiff ahs suffered bodily injuries, and possibly aggravation of pre-existing conditions and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

76.     WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement,

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
19  35

mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## COUNT V – APPARENT AGENCY

77.     The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in paragraphs 1-37, above.

78.     The Defendant Royal Caribbean Cruises, Limited acted as principal to Defendants, CIRI Alaska Tourism Corporation, Alaska Heritage Tours, Kenai Fjords Tours and Cook Inlet Region, Inc. which were the apparent agents of Defendant Royal Caribbean Cruises, Limited. Defendant Royal Caribbean Cruises, Limited allowed Defendants, CIRI Alaska Tourism Corporation, Alaska Heritage Tours, Kenai Fjords Tours and/or Cook Inlet Region, Inc. to utilize Defendant Royal Caribbean for billing, advertising, organizing, and directing passengers to the Resurrection Bay Cruise.

79.     The Defendant Royal Caribbean Cruises, Limited owed a duty to its passengers including Plaintiff herein to provide a reasonably safe vessel and to reasonably design, construct, and maintain the cruise for its passengers. The Defendant breached those duties and was negligent by:

a)      Failing to provide adequate warning of the dangerous condition;

b)      Failing to prevent passengers from going on the Fjordland with the dangerous

A
20  35

condition existing;

c) Failing to arrange Pre Tour Arrangements like the Resurrection Bay Cruise on the Fjordland on safe, appropriate vessels;

d) Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

e) Allowing an ongoing, recurring continuous and/or repetitive problem to occur or to remain which would cause accidents or injuries;

f) Providing negligent maintenance to the area of the premises;

g) Utilizing or allowing negligent method of operations;

h) Failing to choose operators of the Resurrection Bay Cruise which were safe, trained, and monitored;

i) Failing to monitor the operators and owners of the subject Resurrection Bay Cruise;

j) Failing to properly train the operators of the Resurrection Bay Cruise; and

k) Failing to promulgate and enforce rules for the operators of the subject Resurrection Bay Cruise.

80. The negligent condition was created by the Defendant and was known to the Defendant and had existed for a sufficient length of time so that Defendant should have known of it and was a continuous or repetitive problem thus giving notice to the Defendant.

81. The negligent condition occurred with sufficient regularly so as to be foreseeable by the Defendant and should have been foreseeable by the Defendant.

82. As a result of the negligence, the Plaintiff ahs suffered bodily injuries, and possibly

-21-

A
21 - 35

aggravation of pre-existing conditions and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

83. WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

## COUNT VI – NEGLIGENCE AGAINST CIRI ALASKA TOURISM CORPORATION

84. The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in paragraphs 1-37, above.

85. At such time and place, Plaintiff Sandra Cook was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant to be physically present aboard such vessel.

86. At all times material hereto, Defendant, CIRI Alaska Tourism Corporation had a duty to Plaintiff, Sandra Cook, to maintain the sliding door which struck her in a reasonably safe condition, including insuring that the door does not slide back and hit paying patrons like Sandra

A
22 35

Cook. Defendant CIRI Alaska Tourism Corporation also had a duty to inspect the subject door to make sure it was in a state of good repair and not unreasonably dangerous. Defendant CIRI Alaska Tourism Corporation also had a duty to warn Sandra Cook of any dangers associated with the sliding door.

87.     At all times material and on the above date, Plaintiff, Sandra Cook was properly and lawfully on the premises of the subject vessel attempting to use the door to walk in and around the vessel, to take in the sights on the Resurrection Bay Cruise on the Fjordland.

88.     At such time and place the Defendant, CIRI Alaska Tourism Corporation, negligently inspected and/or maintained and controlled the subject sliding door allowing the Plaintiff to be violently struck by the sliding door closing on her suddenly and unexpectedly, causing serious bodily injuries.

89.     The unreasonably dangerous condition(s) of the subject sliding door was actually known to the Defendant or had existed for such a length of time, such that Defendant should have known of it, with the exercise of reasonable care. Plaintiff, Sandra Cook had not control or ability to prevent or anticipate dangers caused by the unreasonably dangerous sliding door on the subject vessel.

90.     As a direct and proximate result of the negligence of the Defendant, CIRI Alaska Tourism, in failing to inspect and maintain the subject sliding door in a reasonably safe condition and/or warn Plaintiff Sandra Cook of the attendant dangers of same, Plaintiff, Sandra Cook, suffered at least the following damages as a result of the above-described incident:

a.     Bodily injuries;
b.     Resulting pain and suffering;
c.     Permanent disability;

-23-
LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

d.    Disfigurement;
e.    Mental anguish;
f.    Loss of capacity for the enjoyment of life;
g.    Expenses of hospitalization, doctors, nurses and physical therapy;
h.    Aggravation of previously existing conditions, and
i.    Loss wages and loss of future wages.

91.    These losses are either permanent or continuing and Plaintiff, Sandra Cook, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Sandra Cook, demands judgment against Defendant, CIRI Alaska Tourism Corporation, in an amount in excess of this Court's jurisdictional requirements exclusive of interest and costs, as well as any all further relief this Court deems just and proper.

## COUNT VII – NEGLIGENCE AGAINST ALASKA HERITAGE TOURS

92.    The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in paragraphs 1-37, above.

93.    At such time and place, Plaintiff Sandra Cook was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant to be physically present aboard such vessel.

94.    At all times material hereto, Defendant, Alaska Heritage Tours had a duty to Plaintiff, Sandra Cook, to maintain the sliding door which struck her in a reasonably safe condition, including insuring that the door does not slide back and hit paying patrons like Sandra Cook. Defendant Alaska Heritage Tours also had a duty to inspect the subject door to make sure it was in a state of good repair and not unreasonably dangerous. Defendant Alaska Heritage Tours also had a duty to warn Sandra Cook of any dangers associated with the sliding door.

95.    At all times material and on the above date, Plaintiff, Sandra Cook was properly and

-24-
LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
24  35

lawfully on the premises of the subject vessel attempting to use the door to walk in and around the vessel, to take in the sights on the Resurrection Bay Cruise on the Fjordland.

96.     At such time and place the Defendant Alaska Heritage Tours, negligently inspected and/or maintained and controlled the subject sliding door allowing the Plaintiff to be violently struck by the sliding door closing on her suddenly and unexpectedly, causing serious bodily injuries.

97.     The unreasonably dangerous condition(s) of the subject sliding door was actually known to the Defendant or had existed for such a length of time, such that Defendant should have known of it, with the exercise of reasonable care. Plaintiff, Sandra Cook had not control or ability to prevent or anticipate dangers caused by the unreasonably dangerous sliding door on the subject vessel.

98.     As a direct and proximate result of the negligence of the Defendant, Alaska Heritage Tours, in failing to inspect and maintain the subject sliding door in a reasonably safe condition and/or warn Plaintiff Sandra Cook of the attendant dangers of same, Plaintiff, Sandra Cook, suffered at least the following damages as a result of the above-described incident:

    a.     Bodily injuries;
    b.     Resulting pain and suffering;
    c.     Permanent disability;
    d.     Disfigurement;
    e.     Mental anguish;
    f.     Loss of capacity for the enjoyment of life;
    g.     Expenses of hospitalization, doctors, nurses and physical therapy;
    h.     Aggravation of previously existing conditions, and
    i.     Loss wages and loss of future wages.

99.     These losses are either permanent or continuing and Plaintiff, Sandra Cook, will suffer these losses in the future.

A
25 35

WHEREFORE, the Plaintiff, Sandra Cook, demands judgment against Defendant, Alaska Heritage Tours, in an amount in excess of this Court's jurisdictional requirements exclusive of interest and costs, as well as any all further relief this Court deems just and proper.

## COUNT VIII – NEGILGENCE AGAINST KENAI FJORDS TOURS

100.    The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in paragraphs 1-37, above.

101.    At such time and place, Plaintiff Sandra Cook was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant to be physically present aboard such vessel.

102.    At all times material hereto, Defendant, Kenai Fjords had a duty to Plaintiff, Sandra Cook, to maintain the sliding door which struck her in a reasonably safe condition, including insuring that the door does not slide back and hit paying patrons like Sandra Cook. Defendant Kenai Fjords Tours also had a duty to inspect the subject door to make sure it was in a state of good repair and not unreasonably dangerous. Defendant Kenai Fjords Tours also had a duty to warn Sandra Cook of any dangers associated with the sliding door.

103.    At all times material and on the above date, Plaintiff, Sandra Cook was properly and lawfully on the premises of the subject vessel attempting to use the door to walk in and around the vessel, to take in the sights on the Resurrection Bay Cruise on the Fjordland.

104.    At such time and place the Defendant, Kenai Fjords Tours, negligently inspected and/or maintained and controlled the subject sliding door allowing the Plaintiff to be violently struck by the sliding door closing on her suddenly and unexpectedly, causing serious bodily injuries.

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

A
26  35

105.    The unreasonably dangerous condition(s) of the subject sliding door was actually known to the Defendant or had existed for such a length of time, such that Defendant should have known of it, with the exercise of reasonable care. Plaintiff, Sandra Cook had not control or ability to prevent or anticipate dangers caused by the unreasonably dangerous sliding door on the subject vessel.

106.    As a direct and proximate result of the negligence of the Defendant, Kenai Fjords Tours, in failing to inspect and maintain the subject sliding door in a reasonably safe condition and/or warn Plaintiff Sandra Cook of the attendant dangers of same, Plaintiff, Sandra Cook, suffered at least the following damages as a result of the above-described incident:

a.    Bodily injuries;
b.    Resulting pain and suffering;
c.    Permanent disability;
d.    Disfigurement;
e.    Mental anguish;
f.    Loss of capacity for the enjoyment of life;
g.    Expenses of hospitalization, doctors, nurses and physical therapy;
h.    Aggravation of previously existing conditions, and
i.    Loss wages and loss of future wages.

107.    These losses are either permanent or continuing and Plaintiff, Sandra Cook, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Sandra Cook, demands judgment against Defendant, Kenai Fjords Tours, in an amount in excess of this Court's jurisdictional requirements exclusive of interest and costs, as well as any all further relief this Court deems just and proper.

## COUNT IX – NEGLIGENCE AGAINST COOK INLET REGION, INC.

108.    The Plaintiff Sandra Cook hereby adopts and re-alleges each and every allegation in

A
27 35

paragraphs 1-37, above.

109.    At such time and place, Plaintiff Sandra Cook was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant to be physically present aboard such vessel.

110.    At all times material hereto, Defendant, Cook Inlet Regions, Inc. had a duty to Plaintiff, Sandra Cook, to maintain the sliding door which struck her in a reasonably safe condition, including insuring that the door does not slide back and hit paying patrons like Sandra Cook. Defendant Cook Inlet Regions, Inc. also had a duty to inspect the subject door to make sure it was in a state of good repair and not unreasonably dangerous. Defendant Cook Inlet Regions, Inc. also had a duty to warn Sandra Cook of any dangers associated with the sliding door.

111.    At all times material and on the above date, Plaintiff, Sandra Cook was properly and lawfully on the premises of the subject vessel attempting to use the door to walk in and around the vessel, to take in the sights on the Resurrection Bay Cruise on the Fjordland.

112.    At such time and place the Defendant, Cook Inlet Regions, Inc., negligently inspected and/or maintained and controlled the subject sliding door allowing the Plaintiff to be violently struck by the sliding door closing on her suddenly and unexpectedly, causing serious bodily injuries.

113.    The unreasonably dangerous condition(s) of the subject sliding door was actually known to the Defendant or had existed for such a length of time, such that Defendant should have known of it, with the exercise of reasonable care. Plaintiff, Sandra Cook had not control or ability to prevent or anticipate dangers caused by the unreasonably dangerous sliding door on the subject vessel.

A
28 35

114. As a direct and proximate result of the negligence of the Defendant, Cook Inlet Regions, Inc., in failing to inspect and maintain the subject sliding door in a reasonably safe condition and/or warn Plaintiff Sandra Cook of the attendant dangers of same, Plaintiff, Sandra Cook, suffered at least the following damages as a result of the above-described incident:

a. Bodily injuries;
b. Resulting pain and suffering;
c. Permanent disability;
d. Disfigurement;
e. Mental anguish;
f. Loss of capacity for the enjoyment of life;
g. Expenses of hospitalization, doctors, nurses and physical therapy;
h. Aggravation of previously existing conditions, and
i. Loss wages and loss of future wages.

115. These losses are either permanent or continuing and Plaintiff, Sandra Cook, will suffer these losses in the future.

WHEREFORE, the Plaintiff, Sandra Cook, demands judgment against Defendant, Cook Inlet Regions, Inc., in an amount in excess of this Court's jurisdictional requirements exclusive of interest and costs, as well as any all further relief this Court deems just and proper.

## COUNT X: CONSORTIUM CLAIM

116. Plaintiff, Burton Cook, adopts and realleges Paragraphs 1-37, as if fully set forth herein.

117. As a direct and proximate result of the Defendants' negligence, Plaintiff, Burton Cook, has in the past and will in the future suffer diminishment of his wife's companionship, security and /or comfort.

118. These losses are continuing in nature and will be experienced by Plaintiff, Burton

A
29 - 35

Cook, in the future.

WHEREFORE, Plaintiff, Burton Cook, demands judgment for damages against

Defendants, together with all costs of the action, post-judgment interest and other such other

additional relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of right by a

jury.

DATED: June 16, 2006

LAW OFFICES OFGREGG R. SCHWARTZ, P.A.
ATTORNEYS FOR PLAINTIFFS
One Datran Center-Suite 1121
9100 S. Dadeland Blvd.
Miami, Fl 33156
Tel: (305) 670-1460 / Fax: (305) 670-1464

BY:_____
GREGG R. SCHWARTZ

A
30  35

# Cruise/CruiseTour Ticket Contract

**Important - Passenger Cruise/CruiseTour Ticket Contract 1**
Read All Clauses
Whether or not signed by Passenger, this ticket shall be deemed to be an undertaking and acknowledgement by Passenger that he accepts on behalf of himself and all other persons traveling under this ticket, all the terms and conditions set out herein.

1. (a) "Passenger" includes all persons traveling under this ticket and their heirs and representatives. "Passenger" shall include the plural and the use of the masculine shall include the feminine.

(b) "Carrier" means the cruise line operator named in Article 20 of this Cruise Ticket Contract, all Vessels, Royal Celebrity Tours Inc. ("RCT") with respect to the RCT Land Tour portion of any CruiseTour, and their respective employees, agents, affiliates, successors and assigns.

(c) "Vessel" means the ship chartered by Carrier on which Passenger may be traveling or against which Passenger may assert a claim.

(d) "CruiseTour" shall mean the combined vacation package consisting of the cruise described in this booklet and the RCT Land Tour.

(e) "RCT Land Tour" shall mean the land tour component of a CruiseTour to be provided either prior to the initial embarkation on the cruise or after the final debarkation from the cruise, as indicated in this booklet.

(f) "Transport" means the railcars, buses and other modes of transportation or accommodation provided by RCT in connection with a RCT Land Tour.

2. (a) Each adult Passenger is permitted to carry up to two hundred pounds (200 lbs.) of luggage aboard the Vessel. In no event shall any Passenger bring on board the Vessel, or in connection with the RCT Land Tour, any controlled substances, live animals, weapons, firearms, explosives or other similar property without written permission from Carrier. Carrier reserves the right to refuse to permit any Passenger to take on board the Vessel or on any mode of Transport any item Carrier deems inappropriate.

(b) Unless negligent, Carrier is neither responsible nor liable for any loss of or damage to Passenger's property. Liability for loss of or damage to Passenger's property in connection with any air or ground transportation shall be the sole responsibility of the provider of the service and in accordance with applicable limitations.

(c) Carrier's liability for loss or damage to property is limited to $300.00 per Passenger unless Passenger declares the true value in writing and pays Carrier before embarkation or before arriving for the start of the RCT Land Tour (whichever is earlier) a fee of five percent (5%) of the amount that such value exceeds $300.00. In such event, Carrier's liability shall be limited to its true declared value, but not exceeding $5,000.

(d) In no event shall Carrier be liable for loss of or damage to jewelry, cash, negotiable paper, photographic/electronic equipment or other valuables unless they are deposited with Carrier on the Vessel for safekeeping against receipt (RCT may not accept valuables for deposit). Carrier's liability for loss of or damage to valuables so deposited shall not exceed the amounts indicated in Clause 2(c).

3. No undertaking or warranty shall be given or shall be implied as to the seaworthiness, fitness or condition of the Vessel or any food or drink supplied on board.

4. Any medical personnel, masseuse, hair stylist, manicurist or other service providers on board the Vessel or on Transport are provided solely for the convenience of Passenger. Such persons are independent contractors and not acting as agents or representatives of Carrier. Carrier assumes no liability

EXHIBIT "A" 

77

whatsoever for any treatment, diagnosis, advice, examination or other services provided by such persons. Passenger shall pay for all medical care requested or required, whether aboard or ashore, including the cost of any emergency medical care or transportation incurred by Carrier.

5. All arrangements made for or by Passenger for air transportation, shore excursions, ground tours, ground transportation, hotels, restaurants and other similar activities or services are made solely for Passenger's convenience and are at Passenger's risk. The providers of such services are independent contractors and are not acting as agents or representatives of Carrier. In no event shall Carrier be liable for any accident or harm to Passenger which occurs off the Vessel or the Transport as a result of any acts, omissions or negligence of any independent contractors.

6. Carrier may for any reason, at any time and without prior notice, cancel, advance, postpone or deviate from any scheduled sailing or port of call, or substitute another vessel or port of call, and shall not be liable for any loss whatsoever to Passenger by reason of such cancellation, advancement, postponement, substitution or deviation. In connection with a CruiseTour, Carrier may for any reason, at any time and without prior notice, cancel, advance, postpone or deviate from any scheduled departure or destination, or substitute another railcar or bus or destination or lodging or other component of the CruiseTour, and shall not be liable for any loss whatsoever to Passenger by reason of such cancellation, advancement, postponement, substitution or deviation. By way of example, and not limitation, Carrier may deviate from any scheduled sailing and may otherwise land Passenger and his property at any port if Carrier believes that the voyage or any Passenger or property may be adversely affected as a result of hostilities, blockages, prevailing weather conditions, labor conflicts, strikes onboard or ashore, breakdown of Vessel, congestion, docking difficulties or any other cause whatsoever. Similarly, by way of example, and not limitation, Carrier may at its discretion elect not to visit a location shown on your itinerary. Carrier reserves the right to substitute a hotel for the planned hotel, provided that Carrier shall make commercially reasonable efforts to provide a comparable hotel.

7. Carrier shall have the right to comply with any orders, recommendations, or directions whatsoever given by any governmental entity or by persons purporting to act with such authority and such compliance shall not be deemed a breach of this Contract.

8. Refunds for Passenger cancellations prior to sailing or the first day of the CruiseTour (whichever occurs first) are limited by the terms of Carrier's refund policy. Passengers are advised to consult the Carrier's cruise brochure for the terms of Carrier's refund policy.

9. All Passports, visas and other travel documents required for embarkation and disembarkation and at all ports of call are the responsibility of Passenger.

10. Passenger, or if a minor, his parent or guardian, shall be liable to, and shall reimburse Carrier for, any damage to the Vessel, the Transport or any property of Carrier caused directly or indirectly, in whole or in part, by any willful or negligent act or omission on the part of the Passenger; and Passenger, or if a minor, his parent or guardian, shall further indemnify Carrier, the Vessel and the Transport and each and all of their agents and servants against all liability which Carrier, the Vessel or the Transport or such agents or servants may incur towards any person or company or government for any personal injury, death or damage to property caused directly or indirectly, in whole or in part, by any willful or negligent act or omission on the part of Passenger.

11. IT IS AGREED BY AND BETWEEN PASSENGER AND CARRIER THAT ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE A COURT LOCATED IN MIAMI, FLORIDA, U.S.A., TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE, TERRITORY OR COUNTRY. PASSENGER HEREBY WAIVES ANY VENUE OR OTHER OBJECTION THAT HE MAY HAVE TO ANY SUCH ACTION OR PROCEEDING BEING BROUGHT IN ANY COURT LOCATED IN MIAMI,

**RoyalCaribbean** ®

78

A
32 - 35



FLORIDA.

12. (A) NO SUIT SHALL BE MAINTAINABLE AGAINST CARRIER, THE VESSEL OR THE TRANSPORT UPON ANY CLAIM RELATING TO LOSS OF OR DAMAGE TO PROPERTY UNLESS WRITTEN NOTICE OF THE CLAIM, WITH FULL PARTICULARS, SHALL BE DELIVERED TO CARRIER AT ITS PRINCIPAL OFFICE WITHIN TEN (10) DAYS AFTER TERMINATION OF THE VOYAGE OR THE CRUISE TOUR (WHICHEVER IS LATER) WHICH THIS CONTRACT RELATES; AND IN NO EVENT SHALL ANY SUCH SUIT FOR ANY CAUSE AGAINST CARRIER, THE VESSEL OR THE TRANSPORT RELATING TO LOSS OF OR DAMAGE TO PROPERTY BE MAINTAINABLE UNLESS SUCH SUIT SHALL BE COMMENCED (FILED) WITHIN SIX (6) MONTHS AFTER THE TERMINATION OF THE VOYAGE OR THE CRUISETOUR (WHICHEVER IS LATER) AND PROCESS SERVED WITHIN THIRTY (30) DAYS AFTER FILING, NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY.

(B) NO SUIT SHALL BE MAINTAINABLE AGAINST CARRIER, THE VESSEL OR THE TRANSPORT FOR ANY CLAIM, INCLUDING BUT NOT LIMITED TO, DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF PASSENGER UNLESS WRITTEN NOTICE OF THE CLAIM, WITH FULL PARTICULARS, SHALL BE DELIVERED TO CARRIER AT ITS PRINCIPAL OFFICE WITHIN SIX (6) MONTHS FROM THE DAY CAUSE OF ACTION OCCURRED; AND IN NO EVENT SHALL ANY SUCH SUIT FOR ANY CAUSE AGAINST CARRIER, THE VESSEL OR THE TRANSPORT BE MAINTAINABLE UNLESS SUCH SUIT BE COMMENCED (FILED) WITHIN ONE (1) YEAR FROM THE DAY WHEN THE CAUSE OF ACTION OCCURRED AND PROCESS SERVED WITHIN THIRTY (30) DAYS AFTER FILING, NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY.

(C) THE CARRIER HEREBY DISCLAIMS ALL LIABILITY TO THE PASSENGER FOR DAMAGES FOR EMOTIONAL DISTRESS, MENTAL SUFFERING OR PSYCHOLOGICAL INJURY OF ANY KIND UNDER ANY CIRCUMSTANCES, EXCEPT TO THE EXTENT SUCH DISCLAIMER IS PROHIBITED BY 46 U.S.C. 1183C. (B). WITHOUT LIMITING THE PRECEDING SENTENCE, IN NO EVENT WILL CARRIER BE LIABLE TO PASSENGER FOR ANY CONSEQUENTIAL, INCIDENTAL, EXEMPLARY OR PUNITIVE DAMAGES.

(D) THE EXCLUSIONS OR LIMITATIONS OF LIABILITY OF CARRIER SET FORTH IN THE PROVISIONS OF THIS CONTRACT SHALL ALSO APPLY TO AND BE FOR THE BENEFIT OF AGENTS, INDEPENDENT CONTRACTORS, CONCESSIONAIRES AND SUPPLIERS OF CARRIER, AS WELL AS OWNERS AND OPERATORS OF ALL SHORE-SIDE PROPERTIES AT WHICH THE VESSEL OR THE TRANSPORT MAY CALL, AS WELL AS OWNERS, DESIGNERS, INSTALLERS, SUPPLIERS AND MANUFACTURERS OF THE VESSEL OR THE TRANSPORT, OR ANY COMPONENT PARTS OF EITHER, TOGETHER WITH THE EMPLOYEES AND SERVANTS OF EACH OF THE FOREGOING.

13. Passenger, or if a minor, his parent or guardian, shall be liable to Carrier, the Vessel and the Transport for any fines or penalties imposed on the Vessel, the Transport or Carrier by any authorities for his failure to observe or comply with local governmental laws or regulations, including requirements relating to immigration, customs or excise.

14. Passenger warrants that he and those traveling with him are fit for travel and that such travel will not endanger themselves or others. Carrier reserves the right to terminate a Passenger's cruise or RCT Land Tour or both at any time, at the risk and expense of the Passenger disembarked, when in the opinion of Carrier, Passenger is believed to be a danger to himself or a disturbance or danger to others.

15. Carrier shall not be required to refund any portion of the fare paid by any Passenger who fails for any reason to be onboard the Vessel or the Transport at the time of the Vessel's or the Transport's departure from the port of embarkation or any port of call or destination or point of departure as the case may be and shall not be responsible for lodging, meals, transportation or other expenses incurred by Passenger as a result thereof. Carrier shall have no obligation to any Passenger to deviate from any scheduled sailing or port of call or destination

16. Carrier has the exclusive right to include photographic, video and other visual portrayals of Passenger in any pictorial medium of any nature whatsoever for the purpose of trade, advertising, sales, publicity or otherwise, without compensation



79

to Passenger, and all rights, title and interest therein (including all worldwide copyrights therein) shall be Carrier's sole property, free from any claims by Passenger or any person deriving any rights or interest from Passenger.

17. Passenger acknowledges and confirms that any travel agent utilized by Passenger in connection with the issuance of this ticket is, for all purposes, Passenger's agent and Carrier shall not be liable for any representation made by said travel agent. Passenger shall at all times remain liable to Carrier for the price of passage.

18. In addition to the restrictions and exemptions from liability provided in this Contract, Carrier shall have the full benefit of any applicable laws providing for limitation and exoneration from liability, and nothing in this Contract is intended to operate to limit or deprive Carrier of any such statutory limitation of or exoneration from liability. Without limiting the foregoing, Carrier claims benefit of all restrictions, exemptions and limitations of the "Convention Relating to the Carriage of Passengers and Their Luggage by Sea" of 1974 as well as the Protocol to the "Convention Relating to the Carriage of Passengers and Their Luggage by Sea" of 1976 ("Athens Convention"), which limits the liability of the Carrier for the death of or personal injury to a passenger to no more than the applicable amount of Special Drawing Rights as defined therein, and all other limits on damage or loss to personal property.

19. This Contract contains the entire agreement between Carrier and Passenger and supersedes any other agreements, written or oral, relating to the subject matter. Any waiver of any provision of this Contract must be made in writing and signed by Carrier. If any portion of this Contract shall be determined to be invalid, then said portion shall be deemed severed from the Contract in such jurisdiction only and all remaining portions shall remain in full force and effect.

20. Carrier: Royal Caribbean Cruises Ltd., 1050 Caribbean Way, Miami, Florida, and 33132, USA

80      RoyalCaribbean ®

A
34  35

# Travel Itinerary



| | Arrive | Depart |
|---|---|---|
| **AIR ARRANGEMENTS:** | | |
| JUN 13 NW 893-WEST PALM BEACH (PBI), FL | | 09:53a |
| JUN 13 NW 893-DETROIT (DTW), MI | 12:46p | |
| JUN 13 NW 749-DETROIT (DTW), MI | | 01:40p |
| JUN 13 NW 749-MINNEAPOLIS (MSP), MN | 02:29p | |
| JUN 13 NW 661-MINNEAPOLIS (MSP), MN | | 05:06p |
| JUN 13 NW 661-FAIRBANKS (FAI), AK | 07:48p | |
| **PRE TOUR ARRANGEMENTS:** | | |
| JUN 13 BEAR LODGE OR WEDGEWOOD | | |
| JUN 14 RIVERBOAT DISCOVERY TOUR | | |
| JUN 14 GRANDE DENALI LODGE | | |
| JUN 15 TUNDRA WILDERNESS TOUR - AM DEPARTURE | | |
| JUN 15 GRANDE DENALI LODGE | | |
| JUN 16 ANCHORAGE MARRIOTT | | |
| JUN 17 RAIL AM - ANC TO SWD | | |
| JUN 17 RESURRECTION BAY CRUISE | | |
| JUN 17 TRANSFER TO VESSEL IN SEWARD | | |
| **CRUISE ITINERARY:** | | |
| JUN 17 SEWARD, ALASKA | | 09:00p |
| JUN 18 HUBBARD GLACIER (CRUISING) | 02:00p | 06:00p |
| JUN 19 JUNEAU, ALASKA | 10:00a | 08:00p |
| JUN 20 SKAGWAY, ALASKA | 07:00a | 06:30p |
| JUN 21 ICY STRAIT POINT, ALASKA | 09:00a | 05:00p |
| JUN 22 KETCHIKAN, ALASKA | 08:00a | 03:00p |
| JUN 22 MISTY FJORDS (CRUISING) | 06:00p | 08:00p |
| JUN 23 INSIDE PASSAGE (CRUISING) | | |
| JUN 24 VANCOUVER, BRITISH COLUMBIA | 08:00a | |
| **AIR ARRANGEMENTS:** | | |
| JUN 24 CO 262-VANCOUVER B C (YVR) | | 11:35a |
| JUN 24 CO 262-HOUSTON (IAH), TX | 06:08p | |
| JUN 24 CO 1830-HOUSTON (IAH), TX | | 07:02p |
| JUN 24 CO 1830-WEST PALM BEACH (PBI), FL | 10:36p | |

*NW-NORTHWEST AIRLINES
**CO-CONTINENTAL AIRLINES

*Cruise itinerary may change as conditions warrant.*

Royal Caribbean

3