LAURA L. FARLEY, ESQ.
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, Alaska 99501
(907) 274-5100  Fax (907) 274-5111

Attorneys for Defendants CIRI Alaska Tourism
Corporation, Cook Inlet Region, Inc., Alaska
Heritage Tours and Kenai Fjords Tours

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| SANDRA COOK and BURTON COOK, her husband, <br><br> Plaintiffs, <br><br> v. <br><br> CIRI ALASKA TOURISM CORPORATION; COOK INLET REGION, INC., Alaska Corporations, ALASKA HERITAGE TOURS, and KENAI FJORDS TOURS, <br><br> Defendants. | Case No. 3:06-cv-00143 TMB <br><br> **DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM FOR STAGGERED EXPERT DEADLINES** |

DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM     Page 1 of 6     /KH
FOR STAGGERED EXPERT DEADLINES
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

30243 jb271301

Further to the Court's February 25, 2008, order, Defendants CIRI Alaska Tourism Corporation, Cook Inlet Region, Inc., Alaska Heritage Tours, and Kenai Fjords Tours, through their counsel, Farley & Graves, P.C., provide their authorities to set staggered expert deadlines in accord with Plaintiff's burden of proof. Staggered expert deadlines are not only the norm in several federal courts, such deadlines recognize the parties' respective burdens of production and proof. Particularly where Plaintiff has failed to identify any specific theory of negligence, and where Defendants are thus at a loss to determine what experts may be necessary in defending the case, Plaintiff must set forth her expert analysis and theories prior to Defendants' retention of experts.

A.   **Federal courts recognize the fairness inherent in staggered expert deadlines.**

Numerous federal courts acknowledge the desirability of staggering plaintiffs' and defendants' expert deadlines. Indeed, many federal courts appear to have made staggered deadlines a standard practice. The District Court for the Eastern District of Louisiana, for example, has recognized that "[t]he exchange of expert reports is always staggered because an expert report is part of the evidence that a party gathers to support his position," and "[t]he plaintiff, having the burden of proof, submits his expert reports first." *In re Shell Oil Refinery*, 1992 WL 211670 (E.D. La. 1992).[1] *See also e.g.*, *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 754 (8th Cir. 2006); *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003).

---

[1] Defendants necessarily cite unpublished opinions for their persuasive authority, as this pre-trial discovery issue is normally resolved at the preliminary stages of a case and rarely, if ever, gives rise to a published opinion. While the unpublished opinions cited are not binding precedent, the Court should evaluate those opinions for their tendency to express norms within the federal courts and for their

DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
FOR STAGGERED EXPERT DEADLINES
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 2 of 6   /KH

30243 jb271301

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

Similarly, the District of Arizona commonly provides for staggered deadlines in its pre-trial orders. *See e.g.*, *Smith v. CRST Van Expedited, Inc.*, __ F.Supp.2d __, 2008 WL 413946 (D. Ariz. Feb. 13, 2008); *Brink's Home Security, Inc. v. Caliber Holdings Co.*, __ F.Supp.2d __, 2007 WL 778419 (D. Ariz. March 12, 2007); *Lidy v. Arpaio*, 2007 WL 158736 (D. Ariz. Jan. 16, 2007). The Arizona District Court has consistently upheld its "belie[f] that staggered expert disclosure is more fair and will less likely result in requests for modification of [pre-trial expert deadlines]… ." *Smith*, 2008 WL at *2; *Brink's Home Security*, 2007 WL at *1; *Lidy*, 2007 WL at *2.

While the Court maintains discretion over the order in which the parties adduce evidence, *Marmo*, 457 F.3d at 758-59, several courts have established that both fairness and the Plaintiff's mandatory burden of proof demand the staggered expert deadlines requested by Defendants here. As recognized by the District Court for the District of South Carolina:

> [The] staggering of deadlines recognizes the allocation of the burden of proof while providing adequate time for depositions based on the disclosed opinions. More critically, it affords the defending party the opportunity to decide what, if any, expert testimony is required.

*Lloyd v. General Motors Corp.*, 2006 WL 196302, *4 (D. S.C. 2006).

The Southern District of New York has agreed. In *United States v. VISA USA, Inc.*, 1999 WL 476437 (S.D.N.Y. 1999), the District Court specified that:

---

persuasive reasoning. Federal courts' recognition of, or adherence to, staggered expert deadlines – without controversy – further establishes the logical nature of such deadlines.

DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
FOR STAGGERED EXPERT DEADLINES
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 3 of 6   /KH

30243 jb271301

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

> The practice of requiring that plaintiff submit its expert reports
> before defendant reflects the judgment that, in the ordinary case, it
> makes sense for the plaintiff to identify its theories and bases for
> the lawsuit before the defendant is required to refute them.

*Id.* While the District Court refused to stagger expert deadlines in that particular case because the parties had twice already agreed to schedules whereby expert reports would be exchanged simultaneously, and the parties were well-versed in the issues at that late stage of pre-trial proceedings, the Court specifically noted that staggered expert deadlines should be the norm.

**B.  Staggered expert deadlines are particularly important where Plaintiff has not set forth any specific theory of negligence.**

Where Plaintiff has not set forth any specific theory of Defendants' negligence, Defendants are at a loss to determine what expert testimony may be necessary to defend against Plaintiff's claim(s). In these circumstances, it is especially crucial that Defendants be able to review Plaintiff's expert theories and analysis prior to determining what, if any, experts to retain.

As discussed at the recent scheduling conference, Defendants have no way of knowing at this point whether Plaintiff is complaining about the design of the vessel upon which she was allegedly injured, the design of a door, inspection of the door, navigation of the vessel, operation of the vessel, crew operation, and/or some other issue. Until Plaintiff reveals her theory and analysis of alleged negligence, Defendants do not know whether to explore retention

DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
FOR STAGGERED EXPERT DEADLINES
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 4 of 6                    /KH

30243 jb271301

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

of a crew training expert, a marine inspection and/or safety expert, a "door" expert, a naval vessel architect, a navigational expert, or some other class of expert.[2]

Because Plaintiff has the burden of production and proof, and because Defendants are without sufficient information to determine the nature of the expert testimony that this case may demand, Defendants respectfully request that the Court set staggered expert deadlines in this case.

DATED this 3rd day of March 2008 at Anchorage, Alaska.

        FARLEY & GRAVES, P. C.

        By: s/Laura L. Farley
         LAURA L. FARLEY
         807 G Street, Suite 250
         Anchorage, AK  99501
         Ph. (907) 274-5100
         Fax (907) 274-5111
         E-Mail: lfarley@farleygraves.com
            karen.helton@farleygraves.com
         Alaska Bar No.:  9211078
         Attorneys for Defendants CIRI Alaska
         Tourism Corporation, Cook Inlet Region, Inc.,
         Alaska Heritage Tours and Kenai Fjords Tours

---

[2] Contrary to the assertions of Plaintiff's counsel at the recent scheduling conference, Defendants have retained no expert with respect to this case.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
FOR STAGGERED EXPERT DEADLINES
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 5 of 6 /KH

30243 jb271301

**CERTIFICATE OF SERVICE**

Pursuant to Civil Rule 5, I hereby certify that on this 3rd day of March 2008 a true and correct copy of the foregoing document was served electronically on the following person(s):

Jack Garyth Poulson, Esq.
Poulson & Woolford, LLC
636 Harris Street
Juneau, AK  99801

AND VIA:

**X** U.S. Mail      ☐ Facsimile      ☐ Hand Delivery

to the following person(s):

Gregg R. Schwartz, Esq.
Law Offices of Gregg R. Schwartz, P.A.
One Datran Center, Suite 1121
9100 S. Dadeland Blvd.
Miami, FL  33156

By:  s/Laura L. Farley

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM
FOR STAGGERED EXPERT DEADLINES
COOK V. CIRI, ET AL.
CASE NO. 3:06-cv-00143 TMB

Page 6 of 6                                    /KH

30243 jb271301