Jack Garyth Poulson, Esq.
Attorney for Plaintiffs
POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@poulsonwoolford.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
### AT ANCHORAGE

| | |
|---|---|
| SANDRA COOK and BURTON COOK, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>CIRI ALASKA TOURISM CORPORATION, COOK INLET REGION, INC., Alaska Corporations, ALASKA HERITAGE TOURS, and KENAI FJORDS TOURS,<br><br>Defendants. | Case No. 3:06-CV-00143-TMB<br><br><br><br><br><br><br><br>**PLAINTIFFS' MOTION AND MEMORANDUM ON TIMING OF EXPERT DISCLOSURE** |

Plaintiffs, Sandra Cook and Burton Cook, through counsel, submit their Motion and Memorandum regarding the February 22, 2008 Hearing On Timing of Disclosure of Expert Witnesses and state:

1. Plaintiffs and Defendants disagree as to when expert disclosure should be made.

2. At the hearing on February 22, 2008, Defendant cited some district court cases from other jurisdictions wherein a trial court, using its discretion, required Plaintiff to disclose their experts before Defendant disclosed its expert.

3. At the hearing, counsel for Plaintiffs explained to the Court that since Defendants already inspected the subject door on the subject whale

MOTION ON EXPERT DISCLOSURE      PAGE 1 OF 3
Cook v. CIRI
3:06-cv-00143 TMB

watching pre-tour that it would be equitable for the respective parties to disclose their "door" experts simultaneously.

4. In correspondence of August 4, 2005 from defense counsel to counsel for Plaintiffs, Defendant wrote that, "[A]n inspection of the door following the incident revealed no defects or malfunctions. No changes have been made to the door since Ms. Cook's incident and it continues to function correctly." A copy of that correspondence is attached. Thus, it appears Defendants already inspected the door and they have their expert opinion, as stated in the correspondence.

5. According to 8 Federal Practice and Procedure Civil 2d, Wright, Miller, and Marcus, Section 2031.1 (2007 Pocket Part), "[F]ailing direction from the Court, the parties are to exchange expert information simultaneously 90 days before the trial date."

6. Based on the aforementioned facts, at the minimum, Plaintiffs and Defendants should exchange "door" experts simultaneously.

7. With respect to any other experts, the Court many also exercise its discretion as to when the disclosure of the other non-"door" experts, if any, should be disclosed. See Fed. R. Civ. 26 (a)(2)(C).

WHEREFORE, Plaintiffs seek the entry of an Order requiring simultaneous disclosure of "door" experts and disclosure of any other non-"door" experts in accordance with Fed. R. Civ. P. 26 (a)(2)(C).

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

DATED this 3rd day of March, 2008, at Juneau, Alaska.

> POULSON & WOOLFORD, LLC
> 636 Harris Street
> Juneau, Alaska 99801
> (907) 586-6529
> jack@poulsonwoolford.com
>
> By: /s/        Jack Poulson
> Jack Garyth Poulson
> Alaska Bar No. 8711104
> Attorney for Plaintiffs

## Certificate of Service

Pursuant to Civil Rule 5, I hereby certify that on March 3, 2008, a copy of the foregoing Motion On Timing Of Expert Disclosure was served electronically on:

> Laura L. Farley, Esq.
> FARLEY & GRAVES, P.C.
> 807 G Street, Suite 250
> Anchorage, Alaska  99501

> /s/    Jack Poulson
> Jack Garyth Poulson
> AK Bar No. 8711104
> Attorney for Plaintiffs

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

MOTION ON EXPERT DISCLOSURE        PAGE 3 OF 3
Cook v. CIRI
3:06-cv-00143 TMB