LAURA L. FARLEY, ESQ.
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, Alaska  99501
(907)  274-5100  Fax (907) 274-5111

Attorneys for Defendants CIRI Alaska Tourism
Corporation, Cook Inlet Region, Inc., Alaska
Heritage Tours and Kenai Fjords Tours

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| SANDRA COOK and BURTON COOK, her husband, <br><br> Plaintiffs, <br><br> v. <br><br> CIRI ALASKA TOURISM CORPORATION; COOK INLET REGION, INC., Alaska Corporations, ALASKA HERITAGE TOURS, and KENAI FJORDS TOURS, <br><br> Defendants. | Case No. 3:06-cv-00143 TMB |

**OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE EXPERT WITNESS DISCLOSURE AND OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO OVERDUE DISCOVERY**

Defendants, through their counsel, oppose Plaintiff's Motion for Enlargement of Time to File Expert Witness Disclosure as Plaintiff's counsel presents no good cause for the

OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE EXPERT WITNESS DISCLOSURE AND OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO OVERDUE DISCOVERY
COOK V. CIRI, ET AL.
3:06-cv-00143 TMB

Page 1 of 6        /KH

extension.  Additionally, Plaintiffs have had extensive time within which to respond to the outstanding discovery and have failed to do so despite several extensions.

I.    PROCEDURAL HISTORY

This case was filed on June 13, 2006.  *See* Complaint at Document 1.  While it is true that discovery in the Alaska case was stayed while Plaintiff pursued the claim in Florida, the stay was lifted in January 2008 at which point pretrial deadlines were set.  *See* notes on Status Conference, Document 25.  A Scheduling and Planning Conference Report was filed by the parties on February 5, 2008.  *See* Report at Document 29.  That report raised the issue of the due date for expert disclosure.  *Id.*  After motion practice, the court issued an order on April 21, 2008, setting forth the deadlines for expert witness disclosure.  *See* Order at Document 36.  Calendaring of the deadline set Plaintiff's expert witness disclosure due on Monday, July 21, 2008, giving Plaintiff three full months to obtain and disclose experts and their reports, not to mention the two full years from the date the Complaint was filed.  *Id.*

As for discovery, Defendants submitted discovery requests to Plaintiffs on April 7, 2008.  The requests included requests for admissions.  Defendants' counsel provided Plaintiffs with various extensions which then resulted in a motion for additional time filed July 2, 2008, three months after Plaintiffs received the discovery requests.  *See* Plaintiff's Motion for Enlargement of Time to Respond to Defendants' Outstanding Discovery at Document 37.  That request was denied by this court on July 9, 2008.  *See* Order at Document 38.  Regardless, Defendants have not received the discovery responses.

OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO FILE EXPERT WITNESS DISCLOSURE AND
OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME TO
RESPOND TO OVERDUE DISCOVERY
COOK V. CIRI, ET AL.
3:06-cv-00143 TMB    Page 2 of 6    /KH

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

Discovery is required to be completed by November 17, 2008. *See* Order at Document 36.

III. <u>LEGAL ARGUMENT</u>

Federal Rule of Civil Procedure Rule 16(b)(4) provides that a district court's scheduling order may be modified upon a showing of "good cause." The inquiry focuses on the "reasonable diligence of the moving party." *Noyes v. Kelly Services,* 488 F.3d 1163, 1174 n. 6 (9th Cir.2007). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir.2002) (citation and internal quotation marks omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.* As for excusable neglect, the Court "must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re Veritas Software Corp.,* 496 F.3d 962, 973 (9th Cir.2007).

Unnecessary time and expense is sufficient to demonstrate actual prejudice. *Chism v. Nat'l Heritage Life Ins.,* 637 F.2d 1328, 1331 (9th Cir. 1981), overruled on other grounds *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987) (affirming dismissal where plaintiff's "[d]isregard of the discovery process deprived the defendant of needed information, increased its litigation expenses and forestalled its preparation for trial"), *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3rd Cir. 1984) (prejudice includes "irremediable burdens or costs imposed on the opposing party"); *Hopkins v. J.C. Penney Co.,* 227 F.R.D. 347, 352-53 (D. Kan.2004) (finding

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

substantial prejudice where plaintiff's failure to file Rule 26 disclosures, to respond to written discovery, to communicate with defendants counsel, and to provide relevant documents to defendant "has left defendant largely in the dark" and recognizing that "defendant has expended great effort in calling, faxing and e-mailing plaintiff about discovery matters even after the court granted defendant's motion to compel").

In determining whether prejudice has occurred, the Ninth Circuit Court examines whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful discovery. Unreasonable delay will result in a presumption of prejudice. *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir.1976) ( "The law presumes injury from unreasonable delay"), *Laurino v. Syringa Gen. Hosp.,* 279 F.3d 750, 753 (9th Cir.1992) (a presumption of prejudice arises from a Plaintiff's unexplained failure to prosecute). A plaintiff may rebut the presumption of prejudice by offering a non frivolous explanation for the delay, in which case the burden shifts to the defendant to show "at least some actual prejudice." *Nealey v. Transportation Maritime Mexicana, S.A.,* 662 F.2d 1275, 1281 (9th Cir.1980). In doing so, Plaintiff "must ... persuade the court that such claims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse," and then "the court must exercise its discretion by weighing the relevant factors time, excuse, and prejudice." *Id.*

Here, no good cause has been shown for the delays in responding to discovery or producing the expert disclosures. Plaintiffs have had two years since filing this litigation to investigate and obtain expert opinions to support their claims. Plaintiffs have asserted all along that they intended to have experts. Experts were discussed at the status hearing. As for

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE EXPERT WITNESS DISCLOSURE AND OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO OVERDUE DISCOVERY
COOK V. CIRI, ET AL.
3:06-cv-00143 TMB           Page 4 of 6           /KH

discovery, while Defendants are sympathetic with the unfortunate events in the Plaintiffs' life, the discovery was served more than three months ago. Extensions were granted. To date, no effort has been made to respond to the discovery.

Defendants are entitled to a presumption of prejudice due to Plaintiff's unreasonable delay and failure to prosecute this matter. This matter has come to a complete stand still during a time period in which the parties were required, by the Rules and the Court's Scheduling Order, to be conducting discovery to prepare for dispositive motions and/or trial. Instead, the Defendants have had to continually follow up with Plaintiffs' counsel, respond to request after request for extension and, in essence, put their case investigation and trial preparation on hold. Plaintiffs' delays have resulted in additional expense to the defense and have precluded the Defendants from resolution of this matter.

IV. CONCLUSION

Because actual prejudice has been shown and no good cause exists for the requested delays, Defendants request that this court deny Plaintiffs' most recent motions for enlargement of time, which will result in Plaintiffs' inability to provide expert testimony and preclusion of the information set forth in Defendants' discovery requests.

DATED this 24th day of July 2008 at Anchorage, Alaska.

FARLEY & GRAVES, P. C.

By:   s/Laura L. Farley
    LAURA L. FARLEY
    807 G Street, Suite 250
    Anchorage, AK  99501
    Ph. (907) 274-5100
    Fax (907) 274-5111
    E-Mail:   lfarley@farleygraves.com
                karen.helton@farleygraves.com
    Alaska Bar No.:  9211078
    Attorneys for Defendants CIRI Alaska
    Tourism Corporation, Cook Inlet Region, Inc.,
    Alaska Heritage Tours and Kenai Fjords Tours

**CERTIFICATE OF SERVICE**

Pursuant to Civil Rule 5, I hereby certify that on this 24th day of July 2008 a true and correct copy of the foregoing document was served electronically on the following person(s):

Jack Garyth Poulson, Esq.
Poulson & Woolford, LLC
636 Harris Street
Juneau, AK  99801

AND VIA:

**X** U.S. Mail   ☐ Facsimile   ☐ Hand Delivery

to the following person(s):

Gregg R. Schwartz, Esq.
Law Offices of Gregg R. Schwartz, P.A.
One Datran Center, Suite 1121
9100 S. Dadeland Blvd.
Miami, FL  33156

By:  s/Laura L. Farley