UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

SANDRA COOK and BURTON COOK, as husband and wife,

Plaintiffs,

vs.

CIRI ALASKA TOURISM CORPORATION, an Alaska corporation, ALASKA HERITAGE TOURS, KENAI FJORDS TOURS and COOK INLET REGION, INC., an Alaska corporation,

Defendants.
_____/

Case No: 3:06-cv-00143 TMB

## REPLY RE: PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE EXPERT WITNESS DISCLOSURE AND OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO OVERDUE DISCOVERY

Plaintiffs, Sandra Cook and Burton Cook, through counsel, file this Reply Re: Plaintiff's Motion To Enlargement Of Time To File Expert Witness Disclosure and Opposition To Motion For Enlargement of Time To Respond To Overdue Discovery and in support state:

1. Sandra Cook is in the process of answering the Interrogatories and the same will be served by Monday, August 4, 2008. They may be unsworn until she is physically able to get to a notary public.

2. Sandra Cook is on hydrocodin for a serious case of shingles. She is in bed due to the pain for parts of the day. Dr. Robert Sarro (dermatologist) and Dr. Joseph Biase (urologist) are treating Sandra Cook.

Page 1 of 5

REPLY RE: PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO FILE EXPERT WITNESS DISCLOSURE
COOK v. CIRI, ET AL.
CASE NO: 3:06-CV-00143 TMB

3. Sandra Cook's daughter recently died and this has caused the delay in responding to the discovery. First, Julie Cook was in hospice and ultimately died on July 6, 2008.

4. Sandra Cook is moving forward with her action.

5. Plaintiffs are willing to move the deadlines so as to afford Defendant adequate time to complete its discovery.

6. Mitch Stoller, a maritime expert is expected to submit his Rule 26 report to me on Monday, August, 4, 2008. The Rule 26 Disclosure will need to be finalized by counsel and Plaintiffs may not be able to submit a complete Rule 26 Disclosure on Monday, August 4, 2008. However, shortly thereafter, the Rule 26 Disclosure should be ready for service on Defendants.

7. Contrary to Defendants unsupported assertions, they have not had to continually follow up with Plaintiffs counsel with respect to the discovery. No such continual efforts were made and Defendants attached no such proof, inasmuch as none exists. Defendants did have to put their case on hold. They can investigate, hire experts, schedule depositions of treating doctors, witnesses, and/or the Plaintiffs. They chose not to do so. Defendants cannot show that unnecessary time, other than maybe an hour or two to review and Motion For Enlargement of time and to file a Response. Further, responding to a Motion For Enlargement of Time To Respond to Discovery is not unnecessary time. A request for a Enlargement of Time due to a dying daughter and her ultimate death are good faith reasons for the requested

Page 2 of 5

REPLY RE: PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO FILE EXPERT WITNESS DISCLOSURE
COOK v. CIRI, ET AL.
CASE NO: 3:06-CV-00143 TMB

extensions. Defendants have not exhibited or submitted any proof of unnecessary expense due to a Motion For Enlargement of Time, base upon cancer taking the life of Sandra Cook's young daughter. Thus, excusable neglect is apparent. In re Veritas Software Corp., 456 F. 3d 962, 973 (9th Cir. 2007).

8. Finally, although the case has been pending for some time, nothing substantive took place as the jurisdiction was being litigated in the Florida state court. In fact, the record shows Defendants moved for a Stay, pending the Florida Court ruling on the jurisdictional issue.

9. In January 2008, Defendant filed a copy of the Florida Court Order. Thus, the litigation did not really commence in earnest until April of 2008, when Defendants served discovery.

10. The Response to the Request To Produce will be served by Monday, August 4, 2008 and a Response to the Request For Admissions will also be served by Monday, August 4, 2008.

11. Plaintiffs attach, as Exhibit "A," a May 25, 2008 email from Sandra Cook to Gregg R. Schwartz, Esq. which states that her daughter "went home today under the care of Hospice of Palm Beach County. She only has 'days or weeks'. I cannot comply and finish these questions, etc. I need more time."

12. Further, Sandra Cook has been caring for her ill husband who was in a comma for 6-7 weeks this year and recently underwent another procedure/operation. This is another reason for the requested discovery

Page 3 of 5

REPLY RE: PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO FILE EXPERT WITNESS DISCLOSURE
COOK v. CIRI, ET AL.
CASE NO: 3:06-CV-00143 TMB

extensions. Plaintiffs would have rather answered the discovery and not had a daughter with cancer who recently passed away or had to deal with Burton Cook being on the brink of death in a diabetic coma.

13. The Court Order on July 9, 2008 denied the Motion For Enlargement Without Prejudice. The additional information is set forth herein and Plaintiffs willingness to proceed is also expressed herein.

WHEREFORE, Plaintiffs request that the Court enter an order granting Plaintiffs Motion To Enlargement Of Time To File Expert Witness Disclosure, and for such other and further relief as the Court deems just and fair.

DATED this 31st day of July, 2008, at Miami, Florida.

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.

By: s/Gregg R. Schwartz
GREGG R. SCHWARTZ, ESQ.
One Datran Center Suite 1121
9100 S. Dadeland Blvd.
Miami, Florida 33156
Tele: 305-670-1460
Fax: 305-670-1464
E-mail: gschwartz@aol.com
Florida Bar No. 386110
Attorney for Plaintiffs Sandra Cook and Burton Cook

Page 4 of 5

REPLY RE: PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO FILE EXPERT WITNESS DISCLOSURE
COOK v. CIRI, ET AL.
CASE NO: 3:06-CV-00143 TMB

## Certificate of Service

Pursuant to Civil Rule 5, I hereby certify that on July 31, 2008 a copy of the foregoing document was served electronically to the following:

Laura L. Farley, Esq.
FARLEY & GRAVES, P.C.
807 G Street, Suite 250
Anchorage, Alaska 99501

Jack Poulson, Esq.
636 Harris Street
Juneau, Alaska 99801

By: s/Gregg R. Schwartz

Page 5 of 5

REPLY RE: PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO FILE EXPERT WITNESS DISCLOSURE
COOK v. CIRI, ET AL.
CASE NO: 3:06-CV-00143 TMB